**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFF DAVIES and MANUELA DAVIES,**

        **Plaintiffs,**

**-vs-**                                        **Case No. 6:06-cv-1436-Orl-31UAM**

**ALBERTO GONZALEZ, MICHAEL**
**CHERTOFF, EMILIO GONZALEZ and**
**ANDREA QUARANTILLO,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 35) filed by the Defendants, Alberto Gonzalez, Michael Chertoff, Emilio Gonzalez and Andrea Quarantillo, and the response (Doc. 37) filed by the Plaintiffs, Jeff and Manuela Davies.

**I.**    **Background**

The following facts are taken from the "Undisputed Facts" section of Defendants' motion (Doc. 35 at 1-4). Although the Plaintiffs took exception to some of the statements made by the Defendants within that section, it appears that at least this much is undisputed:

Jeff Davies, a British citizen, married Kathryn Jones, a United States citizen, in October 1990. The Bureau of Citizenship and Immigration Services ("CIS") – then known as the Immigration and Naturalization Service – granted conditional permanent resident status to Davies in 1991. Jeff Davies and Jones divorced in August 1992. As a result, CIS terminated Jeff Davies' conditional lawful permanent resident status. Jeff Davies subsequently filed a petition to waive

the joint filing requirement, which CIS denied in July 1994 on several grounds, including its conclusion that the Davies-Jones marriage had been a sham, done to receive an immigration benefit.

In December 1993, prior to the termination of his conditional resident status, Jeff Davies married his current wife (and co-plaintiff), Manuela. Manuela Davies became a naturalized American citizen in 1999. In 2000, Manuela Davies filed a "Form I-130," a petition to classify Jeff Davies as an immediate relative based on their marriage, and Jeff Davies filed a "Form I-485," an application to adjust his status to permanent resident. In May 2006, following an interview and the Davies' submission of additional evidence, CIS denied Manuela Davies' alien relative petition, based on its conclusion that Jeff Davies had married Kathryn Jones for the purpose of obtaining an immigration benefit. The denial of the alien relative petition also resulted in the denial of Jeff Davies' petition to adjust his status.

On September 19, 2006, Jeff and Manuela Davies, acting *pro se*, filed the instant suit. In their Amended Complaint, the Plaintiffs seek an order requiring that CIS approve the petition to adjust Jeff Davies' status to that of a permanent resident. (Doc. 5 at 18). On April 17, 2007, CIS issued a notice requiring Jeff Davies to show cause why he should not be removed from the United States for marriage fraud.

**II.     Analysis**

CIS offers three arguments as to why the Davies cannot prevail in these proceedings: that this Court lacks subject matter jurisdiction; that the Plaintiffs have not exhausted their administrative process; and that substantial evidence supports the conclusion that the Davies-Jones marriage was a sham. The Court finds it necessary to address only the first two.

### A.     Subject Matter Jurisdiction

Congress possesses "'plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden.'" *Kleindienst v. Mandel*, 408 U.S. 753, 765, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972) (quoting *Boutilier v. Immigration and Naturalization Service*, 387 U.S. 118, 123, 87 S.Ct. 1563, 1567, 18 L.Ed.2d 61 (1967)).  The Supreme Court has long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the government's political departments largely immune from judicial control.  *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).  "[T]he power over aliens is of a political character and therefore subject to only narrow judicial review." *Id*.  The immigration statutes governing judicial review are codified at 8 U.S.C. § 1252, which provides in pertinent part

> Matters not subject to judicial review
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory) ... no court shall have jurisdiction to review –
>
>    (i) any judgment regarding the granting of relief under section ... 1255 of this title, or
>
>    (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

8 U.S.C. § 1252(a)(2)(B).

The adjustment of status of the type sought by Jeff Davies in his Form I-485 is governed by 8 U.S.C. § 1255.  *See, e.g.*, *Ayanbadejo v. Chertoff*, 462 F.Supp.2d 736, 741 (S.D. Texas 2006). That statute provides that the status of an alien "may be adjusted by the Attorney General**, in his**

**discretion and under such regulations as he may prescribe**, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added). Thus, by its plain terms, the statute contemplates the exercise of discretion by the Attorney General in making such decisions, bringing them within the exclusionary provisions of 8 U.S.C. § 1252(a)(2)(B). *Accord Ayanbadejo*, 462 F.Supp.2d at 743-44 *and Ginters v. Cangemi*, 419 F.Supp.2d 1124 (D.Minn. 2006) (same). *But see Sabhari v. Frazier*, 2007 WL 295621, (D.Minn. 2007) (holding that good faith marriage determination, though involving discretion, is not unreviewable because authority for the decision was not specified under pertinent subchapter "to be in the discretion of the Attorney General," as required by 8 U.S.C. § 1252(a)(2)(B)).

The Plaintiffs dispute the Defendants' characterization of the pertinent decision as "discretionary," arguing that CIS "relied entirely on a finding made 13 years ago to determine that they had no discretion to consider the Plaintiffs' applications, pursuant to a bar to the consideration of a later application following a previous finding of marriage fraud." (Doc. 37 at 6). It is true that the law governing alien relative petitions mandates denial where the Attorney General determines the alien married for the purpose of evading immigration laws.[1] However, although the

---

[1] 8 U.S.C. § 1154(c) provides

Notwithstanding the provisions of subsection (b) of this section no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have

denial is not discretionary in such circumstances, the underlying decision (as to whether the marriage is a sham) *is* discretionary.  *See Ayanbadejo*, 462 F.Supp.2d at 743-74 *and see Suvorov v. Gonzales*, 441 F.3d 618, 621 (8th Cir. 2006) ("Whether the qualifying marriage was entered into in good faith by the alien spouse is a discretionary factual determination").

The Plaintiffs also argue that they were denied due process in violation of the Fifth Amendment, giving rise to federal question jurisdiction under 28 U.S.C. § 1331.  (Doc. 37 at 7).  However, they cite no cases in which a court found that it possessed federal question jurisdiction over an immigration case on such grounds, and the Court's research has not uncovered any. [2]

Based on *Evangelical Lutheran Church v. INS*, 288 F.Supp.2d 32, 42 (D.D.C. 2003), the Plaintiffs argue that 8 U.S.C. § 1252(a)(2)(B) "only forecloses judicial review in removal, exclusion, and deportation contexts."  (Doc. 37 at 10).  However, a 2005 amendment to Section 1252(a)(2)(B) provides that it applies "regardless of whether the judgment, decision, or action is made in removal proceedings."

The Plaintiffs contend that Section 1252(a)(2)(B) only applies to decisions that are "matters of pure discretion, rather than discretion guided by legal standards."  Generally speaking, this is the standard applied by the United States Court of Appeals for the Ninth Circuit.  *See, e.g., Spencer Enterprises v. United States*, 345 F.3d 683, 690 (9th Cir. 2003).  However, the Court finds

---

      been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

[2]The Court also notes that 8 U.S.C. § 1252(a)(2)(D) provides for judicial review of "constitutional claims or questions of law" raised upon a petition for review filed with an appropriate court – but that court is the court of appeals, not the district court.  *See id.*

little support for this formulation outside of the Ninth Circuit, and believes that the more persuasive analysis is to be found in cases such as *Yerkovich v.* Ashcroft, 381 F.3d 990 (10th Cir. 2004) (rejecting *Spencer Enterprises* as, *inter alia*, unsupported by text of 1252(a)(2)(B)). As such, even assuming that the decisions at issue in this case were not purely discretionary, the Court holds that Section 1252(a)(2)(B) nonetheless bars this Court's review of them.

**B.     Exhaustion**

Judicial review in immigration proceedings is precluded if an alien has failed to avail himself of all administrative remedies. *Massieu v. Reno*, 91 F.3d 416, 421 (3rd Cir. 1996). The Defendants contend that the Plaintiffs have not exhausted these remedies, as Jeff Davies still has the opportunity to challenge the marriage fraud determination in his removal proceedings, and Manuela Davies has a right of appeal of the rejection of her alien relative petition to the Bureau of Immigration Appeals. The Defendants further assert that if Jeff Davies does not prevail in his removal proceedings, he may petition the United States Court of Appeals for the Eleventh Circuit for a review of his removal order.

The Plaintiffs do not directly contradict the Defendants' assertions on this point. Rather, they rely on *Hillcrest Baptist Church v. United States*, 2007 WL 636826 (W.D.Wash.), in which the court found that it had jurisdiction to review CIS's denial of the applications for adjustment of status filed by the plaintiffs – an alien pastor, his alien wife, and the American church they served – despite the defendants' contention that the plaintiffs had not exhausted their administrative remedies. Specifically, the defendants argued that the plaintiffs had several layers of review open to them by way of the removal proceedings that had been initiated against the pastor and his wife. *Id.* at *5.

The situation in *Hillcrest* is distinguishable from the situation in the instant case.  At the time they filed suit, the *Hillcrest* plaintiffs had no further administrative remedies that they could pursue, as the government had not commenced removal proceedings against them.  *Id.*  In this case, Manuela Davies does not dispute that at the time she and her husband filed this suit, she had a right to appeal the denial of the alien relative petition to the BIA.[3]

It is true that in this case, as in *Hillcrest*, the government had not commenced removal proceedings against Jeff Davies at the time suit was filed.  However, as the *Hillcrest* court noted, courts are split on the question of whether an applicant for adjustment of status can seek judicial review of the denial of the application in district court prior to renewing the request in the context of removal proceedings.  The Ninth Circuit line of cases that controlled the *Hillcrest* court's decision is the minority view, with the Second, Fifth, Seventh and D.C. Circuits holding that the district court lacks jurisdiction to review a denial of adjustment where review is available in the context of removal proceedings.  *Howell v. INS*, 72 F.3d 288, 293 (2d Cir. 1995) (finding that district court lacked jurisdiction to review denial of application for adjustment of status once deportation proceedings commenced); *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (holding that alien's right to renew request for adjustment of status upon commencement of removal proceedings meant alien had not exhausted administrative remedies and court could not exercise jurisdiction); *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (plaintiffs failed to exhaust administrative remedies because they could obtain review of denials of request to adjust

---

[3]Although Manuela Davies does not raise the issue, it appears that CIS did not immediately inform her of her right to appeal that denial.  However the Defendants assert, and the Plaintiffs do not dispute, that CIS has waived the deadline for Manuela Davies to appeal to the BIA, curing any problem resulting from the lack of notice.

status "if and when the immigration service institutes removal (i.e., deportation) proceedings against them"); *Randall v. Meese*, 854 F.2d 472 (declining to review denial of adjustment request until conclusion of deportation proceedings).

The Court has not found a case in which the Eleventh Circuit Court of Appeals has addressed this precise issue. However, after reviewing the cited cases, the Court concludes that the majority view is the better reasoned one. Because removal proceedings have been instituted against Jeff Davies, he has an opportunity to make his case regarding the adjustment of his status before the appropriate agency. As such, the Court concludes that he has failed to exhaust his administrative remedies and this Court therefore lacks jurisdiction to consider his claim.[4]

### III.     Conclusion

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment (Doc. 35) filed by the Defendants is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are **DENIED AS MOOT**, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[4] As a practical matter, the Court notes that the success of Jeff Davies' petition to become a permanent resident depends upon the success of Manuela Davies' application to have him classified as an immediate relative. As such, it would seem that this Court's inability to review the latter decision (due to Manuela's failure to exhaust) effectively precludes reversal of the former decision, even if the Court possessed jurisdiction to do so.

Counsel of Record
Unrepresented Party